# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

NATIONSTAR MORTGAGE, LLC; and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, INC.,

        Plaintiffs,

    v.

METLIFE HOME LOANS; THE UNITED
STATES; UNKNOWN HEIRS OF BERNICE
POWELL; and UNKNOWN HEIRS OF
BETTY HODGES POWELL,

        Defendants.

CIVIL ACTION NO.: 6:17-cv-84

## O R D E R

On January 14, 2019, the Court ordered Plaintiffs Nationstar Mortgage, LLC, and Federal National Mortgage Association, Inc., to show cause why the Court should not dismiss this case for failure to prosecute and failure to follow the Federal Rules of Civil Procedure and the Court's Local Rules. (Doc. 31.) The Court listed eleven specific ways that Plaintiffs had failed to fulfill their obligation to diligently prosecute this action, directed Plaintiffs to specifically address and show cause for each of the eleven errors, and directed Plaintiffs to explain their intended course for the future prosecution of the case. (Id. at pp. 4–7.)

Plaintiffs timely filed a Response, which the Court has reviewed. (Doc. 32.) Throughout the Response, Plaintiffs emphasize that a different attorney (albeit from the same law firm) is now handling the case and, as a result, all issues will be corrected, and Plaintiffs will "prosecute the case in a diligent manner going forward." (Id. at p. 2.) With regard with the various service deficiencies noted by the Court, Plaintiffs avow that, if the Court permits the case to proceed and

grants an extension of time to do so, they will "properly serve all defendants as required," including serving copies of all pleadings (including motions) on all parties.  (Id. at pp. 2–3.)  Specifically as to Defendant the United States, Plaintiffs concede that they have not properly effectuated service in accordance with Federal Rule of Civil Procedure 4(i)(1)(A), and they therefore request that the Court withdraw the Clerk's Entry of Default as to the United States, (doc. 15), and grant an extension of time for proper service of the United States.  (Doc. 32, pp. 3–4.)  Specifically as to Defendant MetLife Home Loans, Plaintiffs concede that they did not serve MetLife until after Rule 4(m)'s 90-day service period had expired, but they emphasize that MetLife has not filed an answer or a motion to dismiss raising the issue of timeliness of service   and they ask that the service delay be excused or in the alternative that the Court grant them an extension of time to re-serve MetLife. (Id. at p. 3.)  Plaintiffs also acknowledge that, even though they sought leave of Court to add Dianne Powell Morris as a Defendant, she was left out of the Amended Complaint that they were permitted to file.   (Id. at p. 5.)  They urge that if the Court allows them to continue to prosecute this action, they will "effectuate service of the Amended Complaint" on her,[1] and they urge that, since no parties have filed answers, Ms. Morris will not be prejudiced by being added and served now.  (Id.)

Regarding their failure to deposit the costs for service by publication on the Unknown Heirs of Bernice Powell and the Unknown Heirs of Betty Hodges Powell with the Court, Plaintiffs ask the Court to excuse their tardiness in making the payment, and they advise that "the moneys will be forwarded to the Clerk's office as soon as possible. … [and if] allowed by this Court, Plaintiffs will immediately deposit the necessary costs to the Court."  (Id. at p. 6.)

Finally, Plaintiffs responded to the Court's concern that more than six months had passed

---

1 The Amended Complaint, however, contains no mention of Ms. Morris, so a second Amended Complaint, naming her as a Defendant and adding allegations concerning her, would be necessary.

since the Affidavit of Publication was filed with the Court without Plaintiffs having moved for entry of default as to the Unknown Heirs of Bernice Powell and the Unknown Heirs of Betty Hodges Powell. (Doc. 32, pp. 1, 6.) Plaintiffs state that, "[c]oncurrently herewith this Response, Plaintiffs are filing their Motion for Default Judgment as to Defendants the Unknown Heirs of Bernice Powell and the Unknown Heirs of Betty Hodges Powell." (Id. at p. 1.) The Court, however, has not been able to locate any such motion on the docket for this case.

The Court finds that Plaintiffs have shown good cause to give Plaintiffs a second chance at prosecuting this case; however, the Court expects Plaintiffs' counsel to proceed with expediency and diligence given the amount of time that has elapsed since the case was initially filed and the numerous errors in the prosecution of this case. In order to get the case back on track, the Court **ORDERS** Plaintiffs to file a Second Amended Complaint, which names Dianne Powell Morris as a Defendant and includes allegations against her, within **SEVEN (7) DAYS** of the entry of this Order. Additionally, Plaintiffs are **ORDERED** to file a Motion for Default Judgment as to Defendants the Unknown Heirs of Bernice Powell and the Unknown Heirs of Betty Hodges Powell within **SEVEN (7) DAYS** of the entry of this Order. The Court also **ORDERS** Plaintiffs to tender the outstanding publication costs to the Clerk of Court within **SEVEN (7) DAYS** of the entry of this Order. The Court finds the United States and MetLife have not been properly served (due to deficiencies in the manner and method of service and untimeliness of service, respectively) and therefore **REOPENS** and **EXTENDS** the time for service on the United States and on MetLife for a period of **THIRTY (30) DAYS** following the filing of Plaintiffs' Second Amended Complaint.[2] Finally, the Court **DIRECTS** the Clerk of Court to **WITHDRAW** the Entries of Default as to the United States and MetLife, (doc. 15).

---

2 Service on Dianne Powell Morris is governed by Fed. R. Civ. P. 4.

The Court forewarns Plaintiffs that though the Court has given them another chance to properly prosecute this case, there will be no third bite at the proverbial apple.

**SO ORDERED**, this 30th day of April, 2019.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA